

Kenneth N. Wolf (KW 0598)
Edward M. Joffe (FL Bar No. 314242)*
Sandler, Travis & Rosenberg, P.A.
Attorneys for Plaintiff
551 Fifth Ave., Suite 1100
New York, NY 10176
(212) 883-1300
*kwolf@strtrade.com*

\* Not admitted in New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LANDAU UNIFORMS, INC.,
A Tennessee corporation,

      Plaintiff,

v.

JBM INTERNATIONAL, LLC,
A New York Limited Liability
Company; MEDICAL UNIFORM
MANUFACTURING, INC., A Texas
corporation; ISAAC WEISER,
individually; and MUSTAFA
EBRAHIM, individually,

      Defendants.
_____/

**VERIFIED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF**

Plaintiff, LANDAU UNIFORMS, INC. ("Landau"), sues Defendants, JBM INTERNATIONAL, LLC ("JBM"), MEDICAL UNIFORM MANUFACTURING, INC. ("Med-Uniform"), ISAAC WEISER ("Weiser"), and MUSTAFA EBRAHIM ("Ebrahim") and alleges on the basis of information and belief:

1.    This is an action for damages, injunctive relief and other appropriate relief arising under the trademark laws of the United States, including the Lanham Act (15 U.S.C. §§ 1114, 1116, 1125) and common law.

### JURISDICTION AND VENUE

2. Federal question jurisdiction as to these claims exists pursuant to 28 U.S.C. §§ 1331 and 1338.

3. This Court has supplemental jurisdiction over the common law claims pursuant to 28 U.S.C § 1367.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) as JBM and Med-Uniform conduct business in this judicial district. Furthermore, a substantial part of the events giving rise to the claim occurred in this district.

5. Plaintiff Landau is a Tennessee corporation with its principal office at 8410 W. Sandidge Rd. Olive Branch, MS 38654. Among other things, Landau is engaged in the business of manufacturing, selling and distributing hospital garments under the federally registered trademarks LANDAU and URBANE SCRUBS (collectively, the "Landau Marks").

6. Defendant JBM is a New York Limited Liability Company with its principal office at 1350 Broadway, Suite 605, New York, New York 10018.

7. Defendant Med-Uniform is a Texas corporation with its principal office at 4951-G Terminal Street, Houston, Texas 77401.

8. Upon information and belief, Defendant Isaac Weiser is a citizen of the State of New York.

9. Defendant Mustafa Ebrahim resides at 3450 Lang Rd., Houston, Texas 77092. Ebrahim is the owner of Med-Uniform.

### FACTS

10. For over fifty years, Landau has sold uniforms and has built its business on long-term relationships with its customers and a dedication to excellence.

11. Since June, 1978, Landau has used the "Landau" trademark in the commerce of the United States on uniforms, lab coats, pantsuits, smocks, men's pants, dresses, surgical and/or medical examination gowns, caps and surgical scrub and operating apparel.

12. Since March 1, 2002, Landau has used the "Urbane Scrubs" trade mark in the commerce of the United States on non-surgical scrub shirts and pants, knit tees, pants, tops, warm-up jackets, lab coats, shirts, dresses and skirts.

13. Landau has registered the following trademarks with the U.S. Patent and Trademark Office:

   a. PTO Registration No. 1345902 and CBP Recordation No. 07-01042 for the LANDAU word mark (drawing code 5 for words/letters in stylized form) including, but not limited to, uniforms, lab coats, pantsuits, smocks, men's pants, dresses, surgical and/or medical examination gowns, caps and surgical scrub and operating apparel. See **Exhibit A**.

   b. PTO Registration No. 3048146 and CBP Recordation No. 07-01043, for the URBANE SCRUBS word mark (drawing code 4 for standard character mark) including but not limited to non-surgical scrub shirts and pants, knit tees, pants, tops, warm-up jackets, lab coats, shirts, dresses and skirts. See **Exhibit B**.

14. The registrations for these marks are valid and subsisting, and are uncancelled and unrevoked. The required affidavits of use were filed and these registrations have become uncontestable.

15. The Landau Marks have never been assigned or licensed to any of the Defendants in this matter.

3

16. The Landau Marks are symbols of Landau's quality, reputation, and goodwill and have never been abandoned.

17. Landau has extensively used, advertised, and promoted the Landau Marks in the United States in association with the sale of hospital garments and has carefully monitored and policed the use of the Landau marks.

18. On or about February 2008, Landau learned through an individual with whom it regularly conducts business that, during a meeting between that contact and defendant Isaac Weiser of JBM International, LLC, Weiser displayed, and was offering to sell, hospital scrubs with labels containing Landau's trademarks. The garments indicated Egypt as the country of origin, where Landau had been manufacturing merchandise for a number of years through a local company, Alex Apparels ("Alex"). The merchandise offered for sale contained the same style numbers as merchandise that Alex regularly produced for Landau. Weiser represented that he possessed approximately 24,000 pieces of these goods at the time and that another 18,000 pieces were en route.

19. Soon thereafter Weiser called Landau's contact, indicating that he had sold the original shipment of scrubs and received a second shipment, which, upon information and believe, contains the approximately 18,000 pieces referenced above.

20. Landau has never authorized anyone in the world to sell merchandise bearing the Landau marks and only authorized Alex Apparels to sell the seconds/off-standard merchandise if all labels were cut and those goods were not sold into the commerce of the United States. These goods, which Weiser was offering for sale, were not offered as seconds or irregulars and did contain labels and Landau Marks.

21. Weiser through JBM has sold defendants Ebrahim and Med-Uniform an unknown quantity of this merchandise, which Ebrahim and Med-Uniform have resold into the commerce of the United States.

22. At all times relevant hereto, the Defendants in this action had full knowledge of Landau's ownership of the Landau Marks, including its exclusive right to use and license the Landau Marks and the goodwill associated herewith.

23. Landau has discovered Defendants are promoting, and otherwise advertising, distributing, selling, and/or offering for sale counterfeit products bearing trademarks, which are exact copies of the Landau Marks (the "Counterfeit Goods").

24. Upon information and belief, Defendants' Counterfeit Goods are of quality substantially different from Landau's genuine goods. Defendants, upon information and belief, are actively promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by Landau. The effect of Defendants' actions is to confuse consumers who will believe Defendants' Counterfeit Goods are genuine goods originating from and approved by Landau.

25. Defendants' use of the Landau Marks, including the importation and/or manufacture, promotion, advertising, distribution, sale and offering for sale of the Counterfeit Goods, is without Landau's consent or authorization.

## COUNT I
### FEDERAL TRADEMARK COUNTERFEITING
### (15 U.S.C. § 1114)

26. Landau repeats and re-alleges each and every allegation set forth in paragraphs 1 through 25 above, and incorporates them herein by reference.

27. This is an action for trademark counterfeiting against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of the Counterfeit Goods bearing Landau Marks.

28. Defendants' sale and distribution of products bearing counterfeit copies of the marks registered by Landau is likely to and actually is causing confusion, mistake and/or deception as to the source or sponsorship of Defendants' counterfeit productions.

29. As a result of Defendants' unauthorized use of Landau's federally registered marks and/or imitations thereof, the public is likely to believe that Defendants' goods have been manufactured and/or approved by Landau.

30. Defendants' use of counterfeit copies of Landau's marks falsely represents Defendants' counterfeit products as emanating from or being authorized by Landau and places the quality of products bearing the Landau marks beyond the control of Landau.

31. Defendants' counterfeiting of Landau's registered marks is willful, intended to reap the benefit of the goodwill of Landau and violates Section 32 of the Lanham Act, 15 U.S.C. § 1114.

32. The aforesaid conduct of Defendants is causing irreparable injury to Landau and to its goodwill and reputation, and will continue to both damage Landau and deceive the public unless enjoined by this Court. Landau has no adequate remedy at law. Injunctive relief is warranted, considering the hardships to Landau and that neither Defendants nor the public interest would be disserved by enjoining Defendants' sale of counterfeit Landau products.

## COUNT II
### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

33.     Landau repeats and re-alleges each and every allegation set forth in paragraphs 1 through 25 above, and incorporates them herein by reference.

34.     As a result of years of use and extensive sales of products of the highest quality complemented by continuous advertising and promotion, Plaintiff's trademarks have come to be recognized by the consuming public as exclusively identifying Landau's products and originating exclusively from plaintiff.

35.     Upon information and belief, Plaintiff's and Defendants' products are similar if not nearly identical in nature and intended purpose and move through similar if not identical channels of trade to similar classes of consumers and the parties, therefore, are in direct competition with respect to such products.

36.     By the aforesaid conduct and Defendants' use of the Landau Marks, Defendants have knowingly, willfully and unlawfully infringed upon the rights protected by Landau's registered trademarks in violation of 15 U.S.C. § 1114 (1)(a). Defendants have used the Landau Marks to promote and sell Defendants' products in a manner which has, on information and belief, caused actual confusion and deception in the marketplace, or is highly likely to cause confusion, deception and the mistaken belief that Defendants' products are officially affiliated with Landau.

37.     The infringing conduct engaged in by Defendants has been undertaken with the specific intent to cause confusion, deception and the mistaken belief that Defendants' products are affiliated with Landau or sponsored by Plaintiff.

38. As a result of Defendants' infringing conduct, Landau has suffered damages and will suffer immediate and irreparable injury unless Defendants are enjoined from their unlawful activities.

### COUNT III
### FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125)

39. Landau repeats and re-alleges each and every allegation set forth in paragraphs 1 through 25 above, and incorporates them herein by reference.

40. Since at least 1984, Landau has adopted and used its trademarks, trade dress and commercial name in relationship with its products

41. These trademarks, trade dress and commercial name have become uniquely associated with Landau and have become inherently distinctive in the hospital garment business.

42. The trademarks, trade dress and commercial name relied upon by Defendants to sell and market their products is substantially identical, if not actually identically, in appearance so that purchaser's of Defendants' products would believe that the same originated with Landau, which has expended considerable sums in promotion of these marks, trade dress and commercial name as a symbol of quality and an indication of originality for the products it sells to the public.

43. Defendants are using Landau's distinctive trademarks, trade dress and commercial name in commerce with the intent of passing off and confusing the public into believing that Defendants' products are the same as and originate from Landau.

44. Defendants' use of the confusingly similar or identical marks, trade dress and commercial name has caused and is likely to continue to cause confusion, mistake and deception as to the affiliation, connection or association of the Defendants with Landau as well as loss of

sales to the plaintiff, as purchasers may be Defendants' products believing those to be authorized and manufactured by Landau.

45. Defendants' aforesaid use of trademarks, trade dress and a commercial name confusingly similar or identical to the Landau Marks, trade dress and/or commercial name and its passing off and false designations of origin has caused and will continue to cause damage to plaintiff, has caused actual confusion and is likely to continue to cause confusion, mistake and deception as to the origin of Defendants' products and as to the sponsorship or approval of Defendants' products by Landau.

46. The aforesaid acts and conduct of Defendants are in violation of 15 U.S.C. § 1125.

47. The aforesaid conduct of Defendants is causing irreparable injury to Landau and to its goodwill and reputation and will continue to both damage Landau and deceive the public unless enjoined by this Court. Landau has no adequate remedy at law. Injunctive relief is warranted, considering the hardships to Landau and that Defendants and the public interest would not be disserved by enjoining Defendants' sale of products bearing the Landau Marks.

### COUNT IV
### COMMON LAW UNFAIR COMPETITION

48. Landau repeats and re-alleges each and every allegation set forth in paragraphs 1 through 25 above, and incorporates them herein by reference.

49. Defendants' aforesaid acts are willful and deliberate with an intent to reap the benefit of the goodwill and reputation associated with Plaintiff's Landau Marks.

50. Defendants' sale and distribution of products bearing the Landau Marks constitutes common law unfair competition.

51. The aforesaid conduct of Defendants is causing irreparable injury to Landau and to its goodwill and reputation and will continue to damage Landau and deceive the public unless enjoined by this Court. Landau has no adequate remedy at law. Injunctive relief is warranted, considering the hardships to Landau and that Defendants and the public interest would not be disserved by enjoining Defendants' sale of products bearing the Landau Marks.

## COUNT V
## COMMON LAW TRADEMARK INFRINGEMENT

52. Landau repeats and re-alleges each and every allegation set forth in paragraphs 1 through 25 above, and incorporates them herein by reference.

53. This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, sale and/or offering for sale of goods bearing marks which are virtually identical, both visually and phonetically, to the Landau Marks in violation of Landau's common law trademark rights.

54. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Landau Marks.

55. As a result of the above described trademark infringement activities of Defendants, Landau has suffered and will continue to suffer, irreparable injury and substantial damages and Defendants have been unjustly enriched.

## PRAYER FOR RELIEF

**WHEREFORE**, Landau demands judgment jointly and severally against Defendants as follows:

a. That the Court enter a preliminary and permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or

participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting or diluting the Landau Marks; from using the Landau Marks, or any mark similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name, or trademark which may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Landau; from falsely representing themselves as being connected with Landau, through sponsorship or association, or engaging in any act which is likely to cause members of the trade and or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Landau; from using any reproduction, counterfeit, copy or colorable imitation of the Landau Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Landau, or in any way endorsed by Landau and from offering such goods in commerce; and from otherwise unfairly competing with Landau.

b.  That Defendants be required to account to and pay Landau for all profits and damages resulting from Defendants' infringing and counterfeiting activities, including all remedies allowable under 15 U.S.C. § 1116(d) for use of Counterfeit marks;

c.  That Landau be awarded punitive damages;

d.  That Landau be awarded costs of suit, including reasonable attorneys' fees; and

e. That Landau be awarded such other legal or equitable relief as the Court may deem just and proper.

Dated: New York, New York
March 7, 2008

Respectfully submitted,

By: _____
Kenneth N. Wolf (KW/0598)

**SANDLER, TRAVIS & ROSENBERG, P.A.**
Attorneys for Plaintiff
551 Fifth Avenue, Suite 1100
New York, NY 10176
Tel: 212-883-1300
Fax: 212-883-0068
kwolf@strtrade.com

Edward M. Joffe, *Of Counsel*\*
Florida Bar No. 314242
**SANDLER, TRAVIS & ROSENBERG, P.A.**
The Waterford – Suite 600
5200 Blue Lagoon Drive
Miami, FL 33126
Tel: 305-267-9200
Fax: 305-267-5155
ejoffe@strtrade.com
\* *Not admitted in New York*

## VERIFICATION

I hereby verify, under the penalty of perjury, pursuant to 28 U.S.C. Sec. 1746, that the facts contained in this complaint are true and correct to the best of my knowledge.

NAT LANDAU
Founder & Senior Executive
Landau Uniforms, Inc.

S:\LITIGTN\Landau Uniform - 015625.10000\Pleading\Complaint 03-05-08.doc

EXHIBIT A

# EXHIBIT A

EXHIBIT A



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Mar 5 04:12:54 EST 2008*

[TESS HOME] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] [SEARCH OG] [BOTTOM] [HELP]

[Logout] Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

[TARR Status] [ASSIGN Status] [TDR] [TTAB Status] *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | LANDAU |
| **Goods and Services** | IC 010. US 044. G & S: SURGICAL AND/OR MEDICAL EXAMINATION GOWNS, CAPS AND SURGICAL SCRUB AND OPERATING APPAREL. FIRST USE: 19780600. FIRST USE IN COMMERCE: 19780600<br><br>IC 025. US 039. G & S: UNIFORMS, LAB COATS, PANTSUITS, SMOCKS, MEN'S PANTS, DRESSES, PAJAMAS, BATH ROBES, COATS, BIB APRONS, SHIRTS, JUMPSUITS, MEN'S VESTS AND JACKETS. FIRST USE: 19780600. FIRST USE IN COMMERCE: 19780600 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 73469696 |
| **Filing Date** | March 8, 1984 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | April 23, 1985 |
| **Change In Registration** | CHANGE IN REGISTRATION HAS OCCURRED |
| **Registration Number** | **1345902** |
| **Registration Date** | July 2, 1985 |
| **Owner** | (REGISTRANT) LANDAU UNIFORMS, INC. CORPORATION TENNESSEE 8410 SANDIDGE ROAD OLIVE BRANCH MISSISSIPPI 386540516 |
| **Attorney of** | LARRY W. MCKENZIE |

| | |
|---|---|
| **Record** | |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20050916. |
| **Renewal** | 1ST RENEWAL 20050916 |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

EXHIBIT B

# EXHIBIT B

EXHIBIT B


**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

**Trademarks > Trademark Electronic Search System (TESS)**

TESS was last updated on Wed Mar 5 04:12:54 EST 2008

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout  Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

TARR Status | ASSIGN Status | TDR | TTAB Status  ( Use the "Back" button of the Internet Browser to return to TESS)

# URBANE SCRUBS

| | |
|---|---|
| **Word Mark** | URBANE SCRUBS |
| **Goods and Services** | IC 025. US 022 039. G & S: CLOTHING, NAMELY NON-SURGICAL SCRUB SHIRTS AND PANTS, KNIT TEES, PANTS, TOPS, WARM-UP JACKETS, LAB COATS, SHIRTS, DRESSES and SKIRTS. FIRST USE: 20020301. FIRST USE IN COMMERCE: 20020301 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 76623573 |
| **Filing Date** | December 3, 2004 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | November 1, 2005 |
| **Registration Number** | 3048146 |
| **Registration Date** | January 24, 2006 |
| **Owner** | (REGISTRANT) Landau Uniforms, Incorporated CORPORATION TENNESSEE P.O. Box 516 Olive Branch MISSISSIPPI 38654 |
| **Attorney of Record** | Larry W. McKenzie |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SCRUBS" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY